UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON ANDREW AUSTIN,

      Plaintiff,

v.                         CASE No. 8:13-CV-2620-T-33TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, I recommend that the decision be affirmed.

I.

The plaintiff, who was forty-seven years old at the time of the administrative decision and who has a tenth grade education (Tr. 75), has

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

worked relevantly as a tank cleaner, cement mason, and cleaner and polisher (Tr. 74). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to a bipolar disorder, back problems, high blood pressure, and depression (Tr. 226). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of depression with psychotic features, bipolar disorder, and substance-induced persisting dementia (Tr. 17). He concluded that with those impairments the plaintiff could perform work at all exertional levels, but limited to simple, routine, repetitive tasks, with no interaction with the public and only occasional interaction with coworkers and supervisors (Tr. 18). The law judge determined that those limitations prevented the plaintiff from performing past work (Tr. 25). However, based upon the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as housekeeper cleaner, poultry dresser, and electrical assessories assembler I (Tr. 26). Consequently, the law judge decided that the plaintiff was not

disabled (Tr. 27). The Appeals Council let the decision of the law judge

stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and

supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical

or mental impairment which ... has lasted or can be expected to last for a

continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A),

1382c(a)(3)(A). A "physical or mental impairment," under the terms of the

Social Security Act, is one "that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3),

1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not

disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11ᵗʰ Cir. 1988).

III.

The plaintiff challenges the Commissioner's decision on one ground: "The Commissioner erred by failing to fully and adequately ensure that the plaintiff, who was unrepresented at the hearing, was afforded full and meaningful access to his records, and that his due process rights were protected" (Doc. 21, p. 5).  That contention is unpersuasive.

The administrative hearing in this case was conducted by telephone because the plaintiff was in prison for a probation violation following a cocaine conviction.  Although at that point the plaintiff was not represented, he had been represented by a non-attorney.  However, after the representative learned that the plaintiff had been incarcerated and had no foreseeable release date, she withdrew her representation on October 31, 2011 (Tr. 147).  Prior to that time, the representative had been involved in obtaining medical records for the plaintiff's claims.

At the beginning of the hearing, the law judge asked the plaintiff if someone had mailed him a copy of the administrative record, and the

plaintiff responded, "No, sir" (Tr. 37-38). The law judge then said, "I will make sure that that happens," and confirmed the plaintiff's current address and Department of Corrections number (Tr. 38).

Notably, the law judge next discussed with the plaintiff his right to be represented at the hearing and the benefits of representation (Tr. 38-39). The law judge offered the plaintiff a continuance to permit him to obtain representation, but the plaintiff elected to proceed without a representative (Tr. 42). Significantly, the plaintiff does not make any contention in his memorandum that his waiver of representation was invalid. Especially in light of the directive of the Scheduling Order and Memorandum Requirements that "[t]he Plaintiff must identify with particularity the discrete grounds upon which the administrative decision is being challenged," any contention that the plaintiff did not waive his right to representation is forfeited (Doc. 13, p. 2).

As indicated, the plaintiff's sole argument is that "there was a failure, on the part of the Commissioner, to provide the Plaintiff a meaningful opportunity to examine his file and the evidence of record" (Doc. 21, p. 6). The plaintiff points out that, when he told the law judge he had not been

mailed a copy of the administrative record, the law judge said he would make

sure that happens. The plaintiff's counsel speculates that the law judge did

not satisfy that promise. Thus, the attorney asserts (id., p. 7):

> That the file was not sent can be reasonably
> adduced from the inclusion in the record of another
> letter to the Plaintiff, which indicates provision to
> the Plaintiff of evidence received after the hearing
> with the opportunity for a supplemental hearing.
> (T. 33-34) It is apparent that the file, at least from
> a mechanical aspect, was well-developed and well-
> documented. There is, however, no similar letter
> announcing delivery of the case file.

In the first place, there is no statement from the plaintiff, not

even an unverified one, claiming that the law judge did not send the record

as he said he would. Thus, the speculation that the record was not sent is

completely unsupported.

Moreover, the record indicates that materials sent to the plaintiff

following the hearing were in fact received. At the end of the hearing, there

was the following colloquy (Tr. 78):

> ALJ: Okay. Now, we're going to be sending you
> some forms that you're going to have to sign so
> that we – we have to go out and get some
> additional medical records on you.

CLMT: Okay.

ALJ: And, and I won't be making a decision in your case until after we get those forms signed and then go out to the doctors to get the records sent to me.

CLMT: Okay.

The letter in the file to which the plaintiff refers advises the plaintiff that the law judge had obtained additional evidence from the plaintiff's psychiatrist (Dr. Suman Bhat), the prison, and the plaintiff's primary care physician (Dr. George Toth) (Tr. 33). That evidence was sent to the plaintiff. Further, the plaintiff was told he could submit written comments concerning the evidence, a written statement as to the facts and the law that the plaintiff believed applied, and any additional records he wanted considered (id.). The law judge said that the plaintiff could also request a supplemental hearing. The letter stated that, if the law judge did not receive a response within ten days after receipt of the letter, the law judge would assume that the plaintiff had nothing further to submit and no request for a supplemental hearing (Tr. 34). There was no response from the plaintiff.

The fact that the law judge obtained additional records from the plaintiff's two doctors and the prison is strong evidence that the plaintiff received the forms sent to him by the law judge and that he returned them to the law judge. Those forms are not in the record and neither is a cover letter. They were in all likelihood sent to the plaintiff at the same time the administrative record was sent, also without a cover letter. Under these circumstances, there is no reason to accept the speculation of plaintiff's counsel that the plaintiff was not sent the earlier portions of the administrative record – portions that were obtained while the plaintiff was represented.

Furthermore, the plaintiff's assertion that he was somehow denied due process is meritless. The plaintiff had a hearing before the law judge that lasted 59 minutes (Tr. 37, 79). At the hearing the law judge inquired about the plaintiff's medical records. That prompted the law judge to obtain additional medical evidence that was more current than the evidence that was previously obtained. The law judge also inquired about the plaintiff's allegations of disabling impairments. In addition, after the law judge obtained more medical evidence he sent that evidence to the plaintiff and solicited his comments or statements about it. The law judge even said

-9-

the plaintiff could return for a supplemental hearing. These circumstances refute a claim of denial of due process.

The plaintiff sought review of the unfavorable decision from the Appeals Council (Tr. 10). He subsequently retained his current attorneys. The Appeals Council wrote to one of the attorneys advising that the administrative record was available electronically (Tr. 5). The Appeals Council advised the attorney that he could send more evidence or a statement about the case within 25 days. There is no indication that that invitation was accepted. This additional opportunity to submit evidence or argument further undercuts a claim of denial of due process.

Finally, the plaintiff in his memorandum makes no effort to show that he was harmed by the alleged lack of ability to examine the first portion of the administrative record. Without a showing of prejudice, the plaintiff cannot plausibly establish a due process violation.

IV.

For these reasons, the decision of the Commissioner is supported

by substantial evidence and does not contain reversible error.   I, therefore,

recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
DATED: OCTOBER *14*, 2014 UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and

recommendations contained in this report within fourteen days from the date

of its service shall bar an aggrieved party from attacking the factual findings

on appeal.   28 U.S.C. 636(b)(1).